## Zofia Lotko, Appellee, v. Thomas H. Willis, Appellant.

## Gen. No. 28,171.

1. MORTGAGES—*sufficiency of evidence of payment of mortgage indebtedness.* In an action for a penalty for refusal to execute a release of a trust deed securing an indebtedness, a judgment for plaintiff is not against the manifest weight of evidence where although there was evidence on behalf of the trustee that a balance of the mortgage debt remains unpaid, the evidence is conflicting as to whether plaintiff, who purchased the mortgaged premises from the debtor, was advised at the time of the purchase that defendant claimed there was still a balance due and there is evidence of payment and she has in her possession the secured notes which are marked "paid."

2. MORTGAGES—*evidence in action for penalty for refusal to release mortgage.* An action for a penalty against a trustee for refusal to release a trust deed after payment of the indebtedness is not defeated by the alleged failure of the plaintiff to present the trust deed to the trustee for release where the evidence shows that she did not have the trust deed, that the defendant was a member of the firm which had held the secured notes in its possession before payment of the debt and the only reasonable inference from the evidence is that the trust deed was in defendant's possession.

Appeal by defendant from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Affirmed. Opinion filed February 20, 1924.

SAMUEL J. LUMBARD and MONAHAN & MONAHAN, for appellant.

A. S. and E. W. FROEHLICH, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover a penalty of $50 on account of the defendant's refusal to execute a release deed securing an indebtedness which had been paid. The case was tried before the court without a jury and there was a finding and

judgment in plaintiff's favor of $50, to reverse which the defendant prosecutes this appeal.

The position of the defendant (who was the successor in trust named in the trust deed, the trustee having died) is that he refused to execute a release of the trust deed: (1) Because there was a balance of $50 of the indebtedness, to secure which the trust deed was given, unpaid; and (2) that the trust deed was not presented to him at the time the request was made of him to secure the release.

The record discloses that one Cwikla owned some real estate in Chicago and to secure his indebtedness he made his promissory notes and two trust deeds conveying the premises in question to secure the payment of such indebtedness to Henry Walker, trustee, Thomas H. Willis, the defendant, successor in trust. The money for which the notes and trust deeds were given seems to have been advanced by a syndicate of which the defendant was one. The trust deed which the plaintiff sought to have the defendant release was one of these trust deeds and was a second lien on the property. Four notes evidencing the indebtedness secured by this trust deed were dated June 10, 1915, for $250 each. They were made and executed by Cwikla, who owned the property and became due six, twelve, eighteen and twenty-four months after date. The record further discloses that as these notes became due Cwikla paid them to Henry H. Walker & Company, of which firm defendant was a member, and which firm represented the syndicate which owned the notes and trust deeds. The four notes were marked "paid" and delivered to Cwikla by defendant. About March, 1920, plaintiff bought the real estate on which the trust deed was a lien from Cwikla, and the latter delivered to plaintiff the four notes which he had paid to Henry H. Walker & Company, each of which notes were marked "paid." But the trust deed had not been released.

Plaintiff's husband testified that he attended to the purchase of the property for her; that he talked with the defendant about the matter in March and later in June, 1920, and several times thereafter; that in June, upon presenting the four notes to the defendant, he requested the defendant to execute a release deed, stating that he was willing to pay defendant's reasonable charge therefor; that the defendant refused to do so, stating that there was a balance unpaid on note No. 3 of $50; that the defendant stated he would see Cwikla about it; that on one occasion when he talked with the defendant, the defendant stated that he had the trust deed; that he again called upon the defendant and asked for a release in 1922, but the request was again refused for the reason the defendant claimed there was $50 still unpaid.

Plaintiff also offered in evidence a notice in writing which she had served on the defendant demanding a release, advising defendant that unless he executed one she would bring suit under section 10 of chapter 95 of the Revised Statutes [Cahill's Ill. St. ch. 95, ¶ 11]. The defendant testified that the word "paid" written on the four notes in question was in his handwriting; that he was a member of the firm of Henry H. Walker & Company and had been since 1901; that he was familiar with his firm's account of the two mortgages made by Cwikla; that there was but $200 paid on note No. 3, leaving $50 unpaid. He further testified that he knew plaintiff's husband for about fifteen years; that he called at defendant's office some time in March and stated that his wife expected to buy the property from Cwikla on which the trust deed was a lien, and wanted to know what was due on the mortgages; that the witness told him there was $50 still due on the second mortgage. He further testified: "I saw him quite often within the next two or three months. He was in a good many times between March and June, talking about what was due on the property. I don't think we met and talked about this $50;" and

that the plaintiff's husband claimed the indebtedness had all been paid. The witness further testified that the four notes were not presented to him. He also testified that he talked with the maker of the notes, Cwikla, within two or three days after he had delivered note No. 3, which he marked "paid," and advised him there had been a mistake; that at the time he marked the third note "paid" and surrendered it to Cwikla, the latter paid him $305; that he applied $90 of this to the interest on the first mortgage and $15 was in payment of interest on the second mortgage, which left but $200 to be applied on the principal of note No. 3; that he marked the note "paid" in error. He further testified, six months later when note No. 4 became due, Cwikla paid it to him and he marked it "paid" and handed it to Cwikla; that he again told Cwikla that there was $50 still due on note No. 3; that he did not tell plaintiff's husband, as the latter testified, that the witness had the trust deed in question. This is the substance of all the evidence in the record.

1. Defendant contends that the judgment is wrong because the uncontradicted evidence is that there was $50 unpaid on No. 3. Of course, if this was a fact, the judgment would have to be reversed and it is so conceded by counsel for plaintiff. A further point is, that plaintiff was advised of this fact before she purchased the property from Cwikla. Testimony on behalf of the plaintiff is to the effect that no claim was made that the $50 was unpaid after she bought the property.

We have carefully considered all the evidence in the record and while there is some evidence tending to show that the defendant marked note No. 3 "paid" through an error, and that there was still remaining due on that note $50, yet we are unable to say on the whole evidence that the finding of the court to the effect that the note was paid in full or that the plaintiff was not advised of anything to the contrary until after she purchased the property is against the mani-

fest weight of the evidence.   Under these circumstances we are not warranted under the law in disturbing the judgment.   The evidence is conflicting as to whether plaintiff was advised that the defendant claimed a balance due until after she purchased the property.   If at the time plaintiff purchased the property she was not advised that anything was due under the mortgage, and she having in her possession the four notes marked "paid" by the defendant, of course she would be entitled to a release of the mortgage, even if note No. 3 had not been paid in full.

Nor is there any merit in the contention of the defendant that plaintiff did not present to him the trust deed when she demanded the release, because it is clear that she did not have the trust deed and the only reasonable inference from the evidence is, that it was in the possession of the defendant because the defendant testified that their syndicate loaned Cwikla the money.   And the evidence further shows that the defendant was a member of the firm of Henry H. Walker & Company, who had the notes in their possession and delivered them to Cwikla when they were paid.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

TAYLOR, P. J., and THOMSON, J., concur.